http://www.va.gov/vetapp16/Files3/1626402.txt

Citation Nr: 1626402 
Decision Date: 06/30/16 Archive Date: 07/11/16

DOCKET NO. 10-12 795 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Jackson, Mississippi

THE ISSUE

Entitlement to a compensable disability rating for bilateral hearing loss on an extraschedular basis prior to December 15, 2015.

REPRESENTATION

Appellant represented by: Disabled American Veterans

WITNESS AT HEARING ON APPEAL

Appellant

ATTORNEY FOR THE BOARD

Michael J. Skaltsounis, Senior Counsel

INTRODUCTION

The Veteran had active service from September 1966 to June 1975. He is also a very highly decorated Combat Veteran, whose decorations include the Purple Heart Medal, the Combat Action Ribbon, and Silver Star Medal.

This matter initially came before the Board of Veterans' Appeals (Board) on appeal from a rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Jackson, Mississippi. The Veteran testified at a Board hearing at the RO in March 2012; a transcript is of record.

The Board remanded this case in November 2012 for additional development. In December 2014, the Board denied entitlement to a compensable disability rating for bilateral hearing loss. The Veteran appealed to the United States Court of Appeals for Veterans Claims (Court). In a July 2015 Order, pursuant to a Joint Motion for Remand by the parties, the Court vacated the Board's decision to the extent that it denied entitlement to a compensable disability rating on an extraschedular basis pursuant to 38 C.F.R. § 3.321(b) (2015). The Joint Motion expressly stated that the Veteran was not appealing the Board's denial of entitlement to a compensable rating for bilateral hearing loss on a schedular basis, and requested the Court to affirm that portion of the Board's December 2014 decision. Thus, only entitlement to a compensable rating on an extraschedular basis remains on appeal.

Thereafter, in September 2015, the Board determined that in light of the discussion in the Joint Motion, the remaining issue was an appropriate subject for referral to VA's Director of Compensation Services or the Undersecretary for Benefits for an opinion regarding entitlement to an extraschedular rating for bilateral hearing loss under the provisions of 38 C.F.R. § 3.321(b)(1) throughout the period on appeal.

The record reflects that this matter was referred to the Director as requested in the Board's remand. It further reflects that pursuant to an examination conducted on December 15, 2015, the RO assigned the Veteran a 10 percent schedular rating for the Veteran's bilateral hearing loss, effective from that date. As was noted above, the denial of a schedular compensable rating for this disability was affirmed by the Court. There is also no indication that the Veteran has filed a notice of disagreement with the March 2016 rating action that assigned the 10 percent schedular rating. (The May 2016 Appellant's Brief expresses the Veteran's dissatisfaction with the 10 percent schedular rating but there is no indication that this was filed with the RO.) Therefore, only entitlement to a compensable rating on a schedular basis remains on appeal, and the period for consideration is now limited to the period prior to December 15, 2015. 

FINDING OF FACT

Giving the Veteran the benefit of the doubt, the symptoms of his bilateral hearing loss were not fully contemplated by the applicable rating criteria and were productive of such an unusual or exceptional disability picture as to warrant a 10 percent extraschedular rating for the period prior to December 15, 2015. 

CONCLUSION OF LAW

A 10 percent extraschedular rating for bilateral hearing loss is warranted for the period prior to December 15, 2015. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.321, 4.85, Diagnostic Code 6100, 4.86(a) (2015).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran has sought a compensable rating for his hearing loss and while the RO has recently assigned a 10 percent rating, it did not do so for the entire time frame on appeal. Since the Board is hereby granting a 10 percent rating for the remaining period on appeal, the Board finds that all of the benefits sought on appeal have now been granted and that a discussion of VA's compliance with the duties to notify and assist is not required.

Turning to the evidence of record, the Board first notes that at the time of the Veteran's original claim for increased rating in June 2004, he was a professor at Belhaven College.

October 2007 VA examination revealed the Veteran's report of decreased hearing for about 28 years and level III hearing bilaterally that equated to a noncompensable rating. Had the right ear, however, demonstrated sufficient thresholds to qualify for the alternative use of Table VIa (he was at 45 instead of 55 at 1000 Hertz), the Veteran would have had level IV hearing on the right, which would have, in turn, entitled him to a 10 percent rating. 

An August 31, 2008, statement from the Veteran's son notes the Veteran's need to constantly ask his students to repeat a question or comments.

A September 15, 2008, statement from the Veteran reflects his contention that people, faculty at the college where he teaches, and staff recognize that he suffers from a significant hearing loss.

An April 1, 2009, VA audiological examination once again revealed level III hearing bilaterally that equated to a noncompensable rating; however, as was the case in October 2007, had the right ear demonstrated sufficient thresholds to qualify for the alternative use of Table VIa (he was at 45 instead of 55 at 1000 Hertz), the Veteran would have had level IV hearing on the right, which would have, in turn, entitled him to a 10 percent rating. 

A March 3, 2010, VA audiological examination revealed findings on the right ear where a mere increase of 5 decibels at 1000 Hertz would have resulted in 55 decibels or more at 1000, 2000, 3000, and 4000 Hertz and the alternative use of Table VIa (level V hearing) instead of Table VI (level II hearing). 38 C.F.R. § 4.86(a). When compared with his level II hearing on the left, level II right ear hearing loss results in a noncompensable rating whereas level V right ear hearing loss results in a 10 percent rating under Table VII. Id. 

A March 8, 2010, statement from a former student noted that he participated in a Master of Public Administration Program with the Veteran in the spring of 2008, and that the Veteran's hearing loss was a constant encumbrance to open discussion.

A student statement dated March 11, 2010, reflects the student's recollection of the Veteran's hearing difficulties in the classroom with the frequent need for students to speak loudly, and repeat their questions. 

In his March 2010 substantive appeal, the Veteran reiterated that his friends, family, and students have noted his hearing loss and his repeated requests for them to repeat themselves.

A student statement dated March 25, 2010, indicates that she was a student of the Veteran from July 2008 to October 2009. She noted that there were times when she had to repeat herself because he could not understand what she was saying, and that this was while he was being aided by hearing aids.

At the Veteran's personal hearing at the RO on June 9, 2010, a student of the Veteran related that the Veteran had had to ask him to repeat his question on multiple occasions (transcript (T.) at pp. 3-4). In class, the student noted that he had to sit in front and raise his voice when asking a question, "and kind of yell at him a little bit" (T. at pp. 3-4). 

A second student testified that she first had the Veteran as a professor in 2000 and during the first test she had with him, she asked him a question and felt that he was ignoring her (T. at p. 5). More recently, she was participating in a graduate program class and felt she had to move to the front of the class and speak loudly in order to be heard by him (T. at p. 5). Another student echoed the Veteran's problems with his hearing during class (T. at p. 6). His daughter had also been a student in one of his classes and described the Veteran's difficulties with hearing both in a classroom setting and at home (T. at pp. 7-8). 

In a March 2012 VA Form 9, the Veteran asserted that the evidence and testimony of witnesses at the Regional Appeals Officer hearing attested to his substantial hearing loss status. 

At the Veteran's hearing before the Board in March 2012, the Veteran reiterated how his bilateral hearing loss was affecting his ability to effectively communicate as a college professor in the classroom and with his family at home.

An April 2012 statement from a former student once again highlights the difficulties the Veteran had in communicating with his students in class, and similar statements were once again received in December 2012.

A February 13, 2013, VA audiological examination once again revealed findings on the right ear where a mere increase of 5 decibels at 1000 Hertz would have resulted in 55 decibels or more at 1000, 2000, 3000, and 4000 Hertz and the alternative use of Table VIa (level V hearing) instead of Table VI (level II hearing). 38 C.F.R. § 4.86(a). When compared with his level III hearing on the left, level II right ear hearing loss results in a noncompensable rating whereas level V right ear hearing loss results in a 10 percent rating under Table VII. Id. 

In May 2014, the Veteran provided additional witness statements in support of his claim.

Private audiometric results dated on December 11, 2015, demonstrate results that are consistent with those obtained by VA four days later.

A December 15, 2015, VA audiological examination demonstrated a threshold on the right ear of 65ecibels at 1000 Hertz that finally resulted in 55 decibels or more at 1000, 2000, 3000, and 4000 Hertz and the alternative use of Table VIa (level VI hearing) instead of Table VI (level II hearing). 38 C.F.R. § 4.86(a). Therefore, when compared with his level III hearing on the left, level VI right ear hearing loss now resulted in the RO's assignment of a 10 percent rating under Table VII. Id. 

In a March 2016 decision, the Acting Director of Compensation Service determined that the evidence of record prior to December 15, 2015, did not show such an exceptional or unusual disability picture so as to render the current rating criteria inadequate. Therefore, the Director determined that a compensable rating prior to December 15, 2015, was not warranted.

To accord justice in an exceptional case where the schedular standards are found to be inadequate, the RO is authorized to refer the case to the Chief Benefits Director or the Director, Compensation Service for assignment of an extraschedular evaluation commensurate with the average earning capacity impairment. 38 C.F.R. § 3.321(b)(1). 

The criterion for such an award is a finding that the case presents an exceptional or unusual disability picture with such related factors as marked interference with employment or frequent periods of hospitalization as to render impractical application of regular schedular standards. Id. The Court has held that the Board is precluded by regulation from assigning an extraschedular rating under 38 C.F.R. § 3.321(b)(1) in the first instance; however, the Board is not precluded from raising this question, and in fact is obligated to liberally read all documents and oral testimony of record and identify all potential theories of entitlement to a benefit under the law and regulations. Floyd v. Brown, 9 Vet. App. 88 (1996). The Court further held that the Board must address referral under 38 C.F.R. § 3.321(b)(1) only where circumstances are presented which the Director of VA's Compensation Service might consider exceptional or unusual. Shipwash v. Brown, 8 Vet. App. 218, 227 (1995). 

In Thun v. Peake, 22 Vet. App. 111 (2008), the Court clarified the analytical steps necessary to determine whether referral for extraschedular consideration is warranted. Either the RO or the Board must first determine whether the schedular rating criteria reasonably describe the Veteran's disability level and symptomatology. Id. at 115. If the schedular rating criteria do reasonably describe the Veteran's disability level and symptomatology, the assigned schedular evaluation is adequate, referral for extraschedular consideration is not required, and the analysis stops. 

If the RO or the Board finds that the schedular evaluation does not contemplate the Veteran's level of disability and symptomatology, then either the RO or the Board must determine whether the Veteran's exceptional disability picture includes other related factors such as marked interference with employment and frequent periods of hospitalization. Id. at 116. If this is the case, then the RO or the Board must refer the matter to the Under Secretary for Benefits or the Director of the Compensation Service for the last step of the analysis, determining whether justice requires assignment of an extraschedular rating. Id. 

Throughout the entire time frame remaining on appeal, the Board has carefully reviewed all of the pertinent examination results, and has concluded that the findings between October 2007 and February 2013 essentially resulted in the Veteran being short of meeting the requirements for a 10 percent schedular rating by threshold differences at 1000 Hertz on the right ear of not more than 5 to 10 decibels. In addition, the Veteran's disability throughout this same time period has been characterized by a marked interference with his ability to communicate with his students in a classroom setting as noted not only by his own credible statements but by those of numerous students who corroborate a caring and compassionate professor who, unfortunately, was continually hampered by the frequent inability to hear questions and/or engage in open discussions within his own classroom. The Board is also not bound by the determination of the Director of Compensation Service. The Board is additionally mindful of the fact that extraschedular ratings may be appropriate where the unusual or exceptional situation is characterized by marked interference with the Veteran's employment, and the Board finds that while the Veteran has apparently been able to ultimately communicate with his students despite his impairment, his disability has still markedly interfered with his ability to teach. 38 C.F.R. § 3.321(b). 

Accordingly, based on all of the foregoing, and giving the Veteran every benefit of the doubt, the Board finds that the symptoms of the Veteran's bilateral hearing loss were not fully contemplated by the applicable rating criteria prior to December 15, 2015, and were productive of such an unusual or exceptional disability picture as to warrant a 10 percent extraschedular rating for the period prior to that date. 

ORDER

An extraschedular 10 percent rating for the Veteran's service-connected bilateral hearing loss is granted for the period prior to December 15, 2015, subject to the law and regulations governing the payment of monetary benefits.

____________________________________________
James L. March
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs